G. T. BASTEDO v. BOYD COUNTY.

FILED DECEMBER 8, 1898.    No. 8517.

Counties: FEES OF COUNTY CLERK: NUMERICAL INDEX. In the absence of a contract to the contrary, the first county clerk of a newly organized county, who compiles a numerical index therefor, is entitled to a compensation of fifteen cents for each necessary entry made in compiling such index, to be paid by such county.

ERROR from the district court of Boyd county. Tried below before KINKAID, J. *Reversed.*

*A. S. Churchill*, for plaintiff in error.

*Frank W. Boggs* and *H. M. Uttley, contra.*

RAGAN, C.

Boyd county was organized by act of the legislature in 1891. (See Session Laws 1891, ch. 20.) George T. Bastedo was in November of said year elected the first county clerk of said Boyd county, and qualified and entered upon the discharge of his duties as such officer. A part of the territory embraced in .Boyd county was prior to its organization attached to or a part of Holt county. Bastedo procured from the proper officer of Holt county transcripts of all deeds, mortgages, and judgments which were liens upon the lands detached from Holt and attached to Boyd county, and caused these transcripts to be properly.entered in the records of the new county of Boyd. For the performance of these services Boyd county paid him. Bastedo also made a numerical index, in which he entered the transcripts taken from Holt county, and in this numerical index made 2,751 entries or transcripts, and filed a claim against Boyd county for fifteen cents for each one of the entries in the numerical index, amounting to the sum of $412.65. The county board of Boyd county disallowed this claim and Bastedo appealed to the district court, which rendered a judgment denying Bastedo's claim. To review this judgment he prosecutes here a petition in error.

We are at a loss to understand upon what theory the judgment of the district court is based. By section 17 of an act of the legislature which went into force on September 1, 1879 (see Session Laws 1879, p. 358), the first county clerk of any new county was required to procure and record in books prepared for that purpose transcripts of all deeds, mortgages, leases, etc., affecting lands in the new county which were of record in the old

county from which the territory of the new was detached, and by the same act the first clerk of the new county was also directed to prepare a proper numerical index of the lands and lots in' said new county in the same manner as county clerks are by law directed to prepare and keep such index. This act allowed the new clerk such compensation for procuring and recording in his office the transcripts of the records of the old county as his services were reasonably worth, but made no provision for his receiving any compensation for preparing the numerical index of the new county. By section 1 of an act of the legislature approved March 2, 1881 (see Session Laws 1881, p. 221, ch. 41), the clerk of the new county was allowed a compensation of fifteen cents, or such other sum not exceeding fifteen cents as might be agreed upon by the county commissioners and the clerk, for each entry or transfer made in the numerical index. (Compiled Statutes 1897, ch. 28, sec. 14c.) This statute was in force when Boyd county was organized, and is in force yet. There was no contract between the county authorities of Boyd county and Bastedo as to what compensation he should receive for compiling the numerical index, and therefore for performing that service for the new county he was entitled to receive the compensation provided by the statute. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.